## CARLOS CASTENARA v. THE STATE.

### No. 2440.  Decided May 7, 1913.

**1.—Burglary—Attorney and Client.**

Where it appeared from the record that defendant's attorney appeared before any witness was examined, and no injury resulted, there was no error.

**2.—Same—Evidence—Habits.**

Where the evidence with reference to the habit of the Mexican people was not a material inquiry upon a trial of burglary, there was no error.

**3.—Same—Evidence—Codefendant—Witness.**

Where the codefendant was tried and convicted, he could not be a competent witness for defendant.

**4.—Same—Evidence—Fixing Time of Offense.**

Upon trial of burglary, there was no error in admitting testimony that the witness heard of the burglary on one morning; and that the night before he had seen defendant and his codefendant together at a certain place; so as to fix the time when he had seen them.

**5.—Same—Sufficiency of the Evidence—Statement of Facts.**

In the absence of a statement of facts, this court can not pass on the insufficiency of the evidence.

Appeal from the District Court of Victoria. Tried below before the Hon. C. F. Carsner, Special Judge.

Appeal from a conviction of burglary; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant, with one W. B. Barton, was jointly indicted, charged with burglary; a severance was had, and when tried appellant was adjudged guilty, and his punishment assessed at eight years confinement in the State penitentiary.

In bill of exceptions No. 1 appellant complains that he was forced to trial during the absence of his attorney. From the bill it appears that the case had been postponed on several occasions at the request of his attorney. When the case was finally set for a day certain, and his attorney notified, and while his attorney was not present when an announcement was made, yet the only absent witness appeared before the trial was completed and testified in the case; and it further appears that his attorney did put in his appearance before any witness was examined, and as explained in the bill no injury could have or did result to appellant, and the bill presents no error.

Bill No. 2 complains of the action of the court in refusing to permit defendant to prove by his witness Ben Quesada the habits of the Mexican people about men and women all sleeping in the same room. As qualified by the court this could not under the circumstances of this case have been a material inquiry.

By another bill it is made to appear that appellant's codefendant, W. B. Barton, had been first tried and convicted. Under such circumstances he would not be a competent witness for defendant, and as he in law was not permitted to testify what he stated to others about the alleged burglary, would not be admissible. His evidence could not be gotten before the jury in this indirect way.

In the only other bill in the record complaint is made that the witness Amado Anganor was permitted to testify that he heard of the alleged burglary one morning, and that the night before he had seen appellant and his codefendant together at 11:30 o'clock at a named place. As fixing the time when he had seen appellant and Barton together at the named place, it was permissible for the witness to state it was the night before he learned of the burglary.

In the motion for a new trial there is no complaint of the charge of the court, and the only ground states that the evidence is insufficient to sustain the conviction. In the absence of a statement of facts we can not pass on this question.

The judgment is affirmed.

*Affirmed.*